## Patel v. Pannaccio

*Edward R. Murphy,* for plaintiffs.
*E. Stoney Read,* for defendant.

C. KLEIN, *J.,* April 5, 1977 — This trespass action is based upon injuries allegedly sustained by one of the plaintiffs from a fall on the premises of Wayne Auto Electric Service located at 122 West Lancaster Avenue, Wayne, Delaware County, Pa. Wayne Auto Electric Service is a sole proprietorship owned by defendant, Joseph Panaccio, named in the complaint as Joseph Pannaccio. Plaintiff secured service of the complaint on defendant by deputized service.

Defendant filed preliminary objections in the nature of a petition raising a question of venue under Pa. R.C.P. 1006, alleging that defendant is a resident of Montgomery County and that his business is located in Delaware County.

Pa. R.C.P. 1042 provides that a trespass action may be brought in a county in which an action of assumpsit may be brought or in any other county authorized by law. The assumpsit venue rule is No. 1006 which reads, in pertinent part, as follows:

"(a) . . . an action against an individual may be brought in and only in a county in which he may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law.

". . .

"(e) Improper venue shall be raised by preliminary objection and if not so raised shall be waived. If a preliminary objection to venue is sustained and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred to the appropriate court of that county. The costs and fees for transfer and removal of the record shall be paid by the plaintiff."

See also Act of July 1, 1937, P.L. 2665, 12 P.S. §106, as to venue for actions arising from injuries occurring on real estate.

Although the complaint recites that defendant "does business in the County of Philadelphia," neither the Supreme Court rules nor any other provision of law that has been brought to our attention authorizes the bringing of this action in the County of Philadelphia. Accordingly, we enter the following

## ORDER

And now, April 5, 1977, it is ordered and decreed that the preliminary objections of defendant, Joseph Pannaccio, d/b/a Wayne Auto Electric Service, are sustained, that plaintiff's complaint against defendant, Joseph Pannaccio, d/b/a Wayne Auto Electric Service, is hereby removed to the Court of Common Pleas of Delaware County, and that the costs and fees for transfer and removal of the record be paid by plaintiff.